JACOB WOOLNER

v.

GEORGE A. WILSON.

FORECLOSURE—PARTIES.—In a proceeding to foreclose a trust deed, the cestui que trust as well as the trustee should be made a party defendant, the object of the bill being by decree to foreclose his interest therein.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding. Opinion filed, February 14, 1880.

Bill to foreclose mortgage, filed April 21, 1879, by appellee against appellant, and L. W. James, trustee for Western Bank of Louisville, Ky. The bill alleges that on the 23d. of January, 1877, appellant being indebted to John S. Stevens then guardian of Charles H. Bobb, in the sum of $5,312.78 executed to said Stevens two notes for $2,656.39 each, one payable in one year, the other in two years, with eight per cent. interest, payable annually. That to secure said notes and interest, the appellant on the same date executed a mortgage to said Stevens on lot 7, block 24, in Peoria; that said mortgage was given for part of the purchase money of said premises.

That on 31st of May, 1877, appellee was appointed guardian of said Bobb in place of Stevens; that the notes and interest are due and unpaid. That L. W. James, as trustee for Western Bank of Louisville, Ky., claims to have some interest or lien upon said premises as the assignee of the certificate of purchase from Wm. Jack, Master in Chancery of said court, subject to appellee's said mortgage. That the first note becoming due, the appellant obtained an extension of payment for one year, and in consideration thereof agreed to pay ten per cent. interest thereon, until said note was paid. That no part of the principal of said notes have been paid, and only part of interest has been paid, viz: Jan. 23, 1878, $212.51 on first note and $100 on second note, and on Nov. 2, 1878, $100 on said second note. Appellant and L. W. James are made defendants to bill; prays for a foreclosure, etc.

Woolner, the mortgagor, demurred to the bill, which was overruled, and under a rule to answer, filed a plea alleging in substance that at the date of the execution and delivery of the said mortgage, and at all times since, his only claim of title in and to the mortgaged premises was under a certificate of purchase given by the master in chancery of the Peoria Circuit Court upon a sale made by him January 23, 1877, to the defendant Woolner of said premises, under a decree of said court, and that said mortgage was given to secure a portion of the purchase money at said master's sale.

That he, on the second day of October, A. D. 1877, assigned and delivered said certificate of sale to the Western Bank of Louisville, Kentucky, as collateral security for sixty per cent. of the sum of $10,000, evidenced by one promissory note for that amount dated March 1, 1877, and due four months after date, and signed Woolner Bros.; that said promissory note has not been paid, and that the bank still holds such certificate of purchase, and avers that said bank should be a party to said suit for foreclosure, etc., which plea was sworn to by the defendant Woolner. Upon motion this plea was stricken from the files by the court, and the defendant Woolner excepted.

A default was thereupon entered against both defendants, and the cause referred to the master to take proofs in the cause

and report the same to the court. The evidence taken before the master shows that James held such certificate as the naked trustee of the bank; that all the beneficial interest therein was vested in the bank, and that James did not have, by virtue of his position, any power to prosecute or defend suits in any litigation concerning such certificate.

The court entered a decree foreclosing the equity of redemption, not only of Woolner, but, also, of the bank through its trustee James, and from that decree, Woolner brings the cause here by appeal.

Mr. S. D. PUTERBAUGH, for appellant; that a plea in chancery may be interposed after demurrer overruled, cited Kilgour v. Crawford, 51 Ill. 249; Dunn v. Kegin, 3 Scam. 292.

A defendant may plead matter to show that the bill is defective for want of parties: Prentice v. Kimball, 19 Ill. 320.

The *cestui que trust* should be made a party defendant: Jeneson v. Jeneson, 66 Ill. 259; Spear v. Campbell, 4 Scam. 424; Prentice v. Kimball, 19 Ill. 320.

Mr. GEORGE A. WILSON, *pro se ;* that want of proper parties to a bill can only be taken advantage of by demurrer, cited Deniston v. Hoagland, 67 Ill. 265; Story's Eq. Pl. § 728.

PILLSBURY, P. J. It appears from the record that James was a mere depositary for the certificate, holding it to and for the use of the bank, without the means, or power to procure the means, to prevent a forclosure or redeem for and on behalf of his *cestui que trust*, it was therefore necessary to make the bank a party defendant, as being materially interested in the equity of redemption, the object of the suit being by decree to foreclose its interest therein. Story Eq. Pl. § 215—207—193; Holland v. Baker, 3 Hare, 70; Goldsmith v. Shonehawer, 15 E. L. & E. 385; Thomas v. Dunning, 19 E. L. & E. 316; Williamson v. Field, 2 Sanford Ch. 533; Union Bank v. Bell, 14 Ohio St. 200; Shinn v. Shinn, 91 Ill. 482.

There is nothing appearing in the case that takes it out of the general rule, that all persons must be made parties in

equity, in order to do complete justice, and to avoid a multiplicity of suits, who have any substantial interest in the subject matter, and whose rights are to be materially affected by the decree.

The complainant knew when he filed his bill that the bank was interested in the equity of redemption as the equitable holder of the certificate of sale, which certificate, as appears from the record, was the basis of the interest conveyed by the mortgage. It was his duty, therefore, to see that he had the necessary parties before the court, before he should ask for a decree cutting off the interest transferred by the assignment, and failing so to do his decree will be reversed. Hopkins v. Roseclare Lead Co. 72 Ill. 373.

The decree was erroneous in foreclosing the interest of the bank, when it was not a party and no sufficient excuse appearing for such omission.

For this reason, the decree must be reversed, and the cause remanded, with leave to complainant to amend his bill.

Decree reversed.